**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RAYMOND FERNANDEZ, on behalf of himself and all similarly-situated individuals,**

**Plaintiffs,**

**v.** **Case No.:**

**UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA,**

**Defendant.**

_________________________________/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAYMOND FERNANDEZ, files the following Class Action Complaint against UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Plaintiff also brings the action under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq*., Florida Statutes ("FCCPA").

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action against the Defendant debt collector, which purports to service and provide "default insurance for closed-end second mortgages and home equity lines of credit," arising from the routine practice of filing lawsuits against consumers in violation of the FDCPA and the FCCPA.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court as to Plaintiff's FDCPA claims arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's FCCPA claim.

3. In personam jurisdiction exists and venue is proper as the Defendant regularly conducts business in this district.

4. Plaintiff is a resident of this district and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

**THE PARTIES**

5. Plaintiff Ray Fernandez is an adult individual residing in Pasco County, Florida and within this Court's jurisdiction.

6. At all times material hereto, Plaintiff was a member of each putative class he seeks to represent.

7. Plaintiff and the putative class members are "consumers" as that term is contemplated in § 1692a of the FDCPA, and as defined by the FCCPA, including Fla. Stat. § 559.55.

8. Defendant is a North Carolina corporation and licensed collection agency engaged in the business of collecting debts due or alleged to be due to others across the State of Florida.

9. Defendant is a "debt collector" as that term is contemplated in §1692a(6) of the FDCPA, and as defined by the FCCPA, including Fla. Stat. § 559.55.

**FACTUAL ALLEGATIONS**

10. Plaintiff, who is 70 years old and on Social Security, originally took out a Home Equity Line of Credit ("HELOC") from Bank of America.

11. Defendant allegedly later obtained Plaintiff's HELOC obligation and now wants to take Defendant's home away from him.

12. Defendant filed suit against Plaintiff after Plaintiff allegedly fell into arrears as to money owed under the HELOC.

13. The lawsuit was filed by Defendant in Pasco County, Florida, on or about November 18, 2015, styled *United Guaranty Residential Insurance Company of North Carolina v. Raymond Fernandez, et al.*, pending in the Circuit Court in and for the Sixth Judicial Circuit in and for Pasco County, Florida, Case No.: 2015-CA-003543 (hereinafter referred to as the "Pasco County HELOC lawsuit"). The Pasco County HELOC lawsuit is replete with violations of the FDCPA and FCCPA.

14. For example, Defendant's Pasco County HELOC lawsuit attaches a "Lender's Contact Info" falsely listing "Shellpoint Mortgage Servicing Inc." as the lender. Plaintiff has no connection to Shellpoint and certainly does not owe Shellpoint money for his HELOC. This inclusion by Defendant of Shellpoint in the Pasco County HELOC lawsuit violates the FDCPA, including 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10), as well as the FCCPA, including Fla. Stat. § 559.72(9).

15. The Pasco County HELOC lawsuit also claims that Defendant is the "holder" of the note at issue and, thus, entitled to sue Plaintiff by citure of possession and endorsement. But a HELOC cannot be a negotiable instrument under § 673. 3011, Fla. Stat., because it promised to repay a variable, not fixed, principal balance. Thus, Defendant had not right to sue Plaintiff in the Pasco County HELOC lawsuit because a "holder" is all it possesses. This also violates the FDCPA, including 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10), as well as the FCCPA, including Fla. Stat. § 559.72(9).

16. Defendant failed to send Plaintiff any notice of assignment as required by § 559.715, Fla. Stat., which is a prerequisite to filing suit. Therefore, Defendant's Pasco County HELOC lawsuit is an illegal attempt to collect a debt Defendant has no right to even ***attempt*** to collect on. Once again, this violates the FDCPA, including 15 U.S.C. § 1692e(2)(A), 15 U.S.C.

§ 1692e(5), and 15 U.S.C. § 1692e(10), as well as the FCCPA, including Fla. Stat. § 559.72(9).

17. Finally, upon information and belief, Defendant lacks possession of the original note at issue in the Pasco County HELOC lawsuit. As a result, Defendant's procedures for complying with Fla. Stat. § 702.015(4) resulted in the issuance of multiple fraudulent certifications. This, too, violates the FDCPA, including 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10), as well as the FCCPA, including Fla. Stat. § 559.72(9).

**DEFENDANT'S ROUTINE PRACTICES VIOLATE THE FDCPA AND FCCPA**

18. It is or was the routine practice of Defendant to violate the FDCPA and FCCPA because it falsely represents the amount of debt allegedly owed by a consumer in hundreds of lawsuits it has filed across the state.

19. It is or was the routine practice of Defendant to violate 15 U.S.C. § 1692e(2)(A) and Fla. Stat. § 559.72(9) by falsely representing the legal status of debt allegedly owed by a consumer in hundreds of lawsuits it has filed across the state.

20. It is or was the routine practice of Defendant to violate 15 U.S.C. § 1692e(5) and Fla. Stat. § 559.72(9), because it threatens and actually takes action that cannot be legally taken.

21. It is or was the routine practice of Defendant to violate 15 U.S.C. § 1692e(10) Fla. Stat. § 559.72(9) by utilizing false representations and deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in the hundreds of lawsuits it has filed across the state.

**CLASS ALLEGATIONS**

22. Plaintiff brings this action on his own behalf and on behalf of a class of persons similarly-situated pursuant to Fed.R.Civ.P. 23(a), 23(b)(3).

23. Plaintiff seeks to have certified three distinct FDCPA and FCCPA putative classes

against Defendant.

24. First, Plaintiff seeks under 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and Fla. Stat. § 559.72(9), to have certified on behalf of a "HELOC HOLDER CLASS" consisting of:

> **All persons in Florida whom Defendant filed a lawsuit against by virtue of being merely the "holder" of a HELOC note within the applicable statute of limitations period.**

25. Second, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f(1) and Fla. Stat. § 559.72(9), on behalf of a "NOTICE OF ASSIGNMENT CLASS" consisting of:

> **All persons in Florida whom Defendant filed a lawsuit against seeking to collect on a debt without first complying with Fla. Stat. § 559.715's notice of assignment requirements within the applicable statute of limitations period.**

26. Finally, Plaintiff asserts an FDCPA claim against Defendant 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and Fla. Stat. § 559.72(9), consisting of:

> **All persons in Florida whom Defendant filed a lawsuit against seeking to collect on a debt without having the original note in violation of Fla. Stat. § 702.015 within the applicable statute of limitations period.**

**<u>RULE 23(a) PREREQUISITES</u>**

27. <u>Numerosity</u>: The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least hundreds of members and are geographically dispersed throughout the state as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notices.

28. <u>Typicality</u>: Plaintiff's claims are typical of the other Class Members' claims.

As described above, Defendant uses common practices in committing the conduct that Plaintiffs allege damaged them and the Classes. Plaintiff seeks only statutory and damages for his classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. Defendant uniformly breached the FDCPA and FCCPA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

29. Adequacy: Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

30. Commonality: Common questions of law and fact exist as to all members of each Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, and whether Defendant violated the FDCPA and FCCPA. Even the appropriate amount of damages is a common question for members of each of the Classes.

**RULE 23(b) PREREQUISITES**

31. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

32. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

33. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is

appropriate respecting the Classes as a whole.

34. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FDCPA and FCCPA.

35. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution.

36. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.

37. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

38. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

**CLASS CLAIM I – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(2)(A)***

39. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

40. Defendant sued Plaintiff and the putative class members in state court and, in doing so, attached a "Lender's Contact Info" falsely listing an incorrect lender.

41. Defendant sued Plaintiff and the putative class members in state court claiming it was the "holder" of a HELOC note and, thus, entitled to sue by citure of possession and endorsement. But a HELOC cannot be a negotiable instrument under § 673. 3011, Fla. Stat., because it promised to repay a variable, not fixed, principal balance.

42. Defendant failed to send Plaintiff and other putative class members any notice of assignment as required by § 559.715, Fla. Stat., which is a prerequisite to filing suit.

43. Upon information and belief, Defendant lacks possession of the original notes upon which its state court lawsuits against Plaintiff and the putative class are based upon. As a result, Defendant's procedures for complying with § 702.015 (4) result in the issuance of multiple fraudulent certifications.

**CLASS CLAIM II – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(5)***

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

45. Defendant sued Plaintiff and the putative class members in state court and, in doing so, attached a "Lender's Contact Info" falsely listing an incorrect lender.

46. Defendant sued Plaintiff and the putative class members in state court claiming it was the "holder" of a HELOC note and, thus, entitled to sue by citure of possession and endorsement. But a HELOC cannot be a negotiable instrument under § 673. 3011, Fla. Stat., because it promised to repay a variable, not fixed, principal balance.

47. Defendant failed to send Plaintiff and other putative class members any notice of assignment as required by § 559.715, Fla. Stat., which is a prerequisite to filing suit.

48. Upon information and belief, Defendant lacks possession of the original notes upon which its state court lawsuits against Plaintiff and the putative class are based upon. As a

result, Defendant's procedures for complying with § 702.015 (4) result in the issuance of multiple fraudulent certifications.

**CLASS CLAIM III – FAIR DEBT COLLECTION PRACTICES ACT**
***Violation of 15 U.S.C. § 1692e(10)***

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50. Defendant sued Plaintiff and the putative class members in state court and, in doing so, attached a "Lender's Contact Info" falsely listing an incorrect lender.

51. Defendant sued Plaintiff and the putative class members in state court claiming it was the "holder" of a HELOC note and, thus, entitled to sue by citure of possession and endorsement. But a HELOC cannot be a negotiable instrument under § 673. 3011, Fla. Stat., because it promised to repay a variable, not fixed, principal balance.

52. Defendant failed to send Plaintiff and other putative class members any notice of assignment as required by § 559.715, Fla. Stat., which is a prerequisite to filing suit.

53. Upon information and belief, Defendant lacks possession of the original notes upon which its state court lawsuits against Plaintiff and the putative class are based upon. As a result, Defendant's procedures for complying with § 702.015 (4) result in the issuance of multiple fraudulent certifications.

**FDCPA PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff and the putative class, as to their FDCPA claims, request that judgment be entered for himself and the putative class against Defendant and that this Honorable Court order the following:

A. Certification of this action to proceed as a class action;

B. Award of statutory damages to the Plaintiff and the class as provided in 15

U.S.C. § 1692k(a)(2)(B);

C. Award of actual damages to the class;

D. Entry of a Declaratory Judgment that the challenged practices herein violate the FDCPA;

E. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a);

F. Such other and further relief as the court deems just and equitable.

**CLASS CLAIM V – FLORIDA CONSUMER COLLECTION PRACTICES ACT**
***Violation of Fla. Stat. § 559.72(9)***

54. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

55. Defendant sued Plaintiff and the putative class members in state court and, in doing so, attached a "Lender's Contact Info" falsely listing an incorrect lender.

56. Defendant sued Plaintiff and the putative class members in state court claiming it was the "holder" of a HELOC note and, thus, entitled to sue by citure of possession and endorsement. But a HELOC cannot be a negotiable instrument under § 673. 3011, Fla. Stat., because it promised to repay a variable, not fixed, principal balance.

57. Defendant failed to send Plaintiff and other putative class members any notice of assignment as required by § 559.715, Fla. Stat., which is a prerequisite to filing suit.

58. Upon information and belief, Defendant lacks possession of the original notes upon which its state court lawsuits against Plaintiff and the putative class are based upon. As a result, Defendant's procedures for complying with § 702.015 (4) result in the issuance of multiple fraudulent certifications.

**FCCPA PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff and the putative class, as to their FCCPA claims, request that

judgment be entered for himself and the putative class against Defendant and that this Honorable Court order the following:

A. Certification of this action to proceed as a class action;

B. Award of statutory damages to the Plaintiff and the class as provided in the FCCPA;

C. Award of actual damages to the class in the amount paid in response to all letters in the form of Exhibit A;

D. Entry of a Declaratory Judgment that the challenged practices herein violate the FCCPA;

E. Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77;

F. Such other and further relief as the court deems just and equitable, including, but not limited to, an aggregate award of additional statutory damages up to the lesser of $500,000 or 1 percent of the Defendant's net worth for all remaining class members, as set out in Fla. Stat. § 559.77.

**JURY DEMAND**

Plaintiff and the putative class members demand trial by jury of all claims so triable.

Dated this 17th day of March, 2016.

Respectfully submitted,

Christopher J. [signature] 092016 for

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: mkimbrough@wfclaw.com
Email: jriley@wfclaw.com
**Attorneys for Plaintiff**